**CAROL A. SOBEL** SBN 84483
**MONIQUE A. ALARCON** SBN 311650
**LAW OFFICE OF CAROL A. SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
t. 310-393-3055
e. carolsobellaw@gmail.com
e. monique.alarcon8@gmail.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| REX SCHELLENBERG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF LOS ANGELES, a municipal entity, DOES 1-10.<br><br>Defendants. | Case No. 2:18-cv-07670-CAS-PLA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO THE INITIAL COMPLAINT AND TO STRIKE THE FIRST AMENDED COMPLAINT**<br><br>Date: March 25, 2019<br>Time: 10:00 a.m.<br>Ctrm: 8B<br>Hon. Christina A. Snyder<br><br>Action filed: September 3, 2018 |

TO THIS HONORABLE COURT AND ALL PARTIES OF RECORD:

Plaintiff Rex Schellenberg respectfully submits the following Opposition to the Defendant City's Motion to Extend Time to Respond to the Initial Complaint and to Strike the First Amended Complaint. This opposition is based upon the attached Memorandum of Points and Authorities, the accompanying Declaration of Carol A. Sobel in support thereof, and Exhibits 1-3.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Defendant City of Los Angeles was served in this action on November 29, 2018, more than three months ago. Thereafter, the City requested, and Plaintiff agreed to, two extensions to respond to the Complaint, the first of which was purportedly to provide the City time to investigate the allegations, as set forth by the City in the initial stipulation for an additional 30 days to respond to the Complaint. (Dkt. 12). This assertion was made despite the fact that Plaintiff filed a claim pursuant to California Government Code § 810, *et seq.* in mid-January 2018 and waited the full six months after the claim was denied in March 2018 to file this action. In short, the City had almost a full year to investigate Plaintiff's claim even before the City requested the initial Rule 15 extension to respond.

Now, the City of Los Angeles brings a motion to strike the First Amended Complaint (FAC), claiming that the parties are in a procedural quagmire. There is no procedural quagmire here other than City's erroneous application of Federal Rule of Civil Procedure 15 to try and buy even more time to respond to the Complaint on its merits.

The Ninth Circuit has long underscored that the Federal Rules of Civil Procedure are meant to promote judicial efficiency and a determination of the controversy on its merits. Fed. R. Civ. P. 1; *U.S. for Use of Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963). To give credence to Defendant's argument in this instance would be "to insist upon an empty formalism," and would not serve the cause of judicial efficiency. *Id.*

## II. SUMMARY OF PROCEEDINGS

Plaintiff, an elderly disabled homeless individual living on the streets of Los Angeles, has had his property seized and summarily destroyed repeatedly over the last two years. On September 3, 2018, Plaintiff filed the instant action, alleging violations of his civil rights based on a July 14, 2017 property seizure. On November

7, 2018, in compliance with Cal. Gov. Code § 810 *et seq.*, Plaintiff submitted a government claim for four additional incidents that occurred both shortly before and after the filing this action. Decl. of Sobel, Exhibit 1.

When Assistant City Attorney Gabriel Dermer contacted Plaintiff's counsel to request an initial extension to respond to the Complaint, Plaintiff's counsel agreed, advised the City Attorney of Plaintiff's additional tort claim and emailed a courtesy copy of it to Mr. Dermer. In a responsive email, he acknowledged receipt of the tort claim. Decl. of Sobel ¶ 3, Exhibit 3.

On January 15, 2019, Mr. Dermer requested additional time to respond to the Complaint. (Dkt. 14-2, Decl. of Dermer ¶ 2, Exhibit 1). Plaintiff's counsel advised that Plaintiff would file an amended complaint, which would automatically allow the City additional time to respond. *See* Fed. R. Civ. Pro. 15(a)(3).

Plaintiff filed an amended Complaint to include factual allegations of the four additional property seizures. (Dkt. 13). There were no new parties and no new causes of action in the amended complaint. After Plaintiff filed the FAC, the City Attorney's Office reassigned this matter to Deputy City Attorneys Arlene Hoang and Ruth Kwon. (Deft. Motion at 4). Now, the City Attorney's office contends that Plaintiff's filing of the FAC creates a procedural issue that requires the Court's intervention.[1] Defendant's argument is without merit and contrary to both the letter and the spirit of the federal rules.

Plaintiff did not seek leave of court to file the FAC because he could amend as a matter of course under Rule 15(a)(1) and the amendment was made with the City's knowledge.

---

[1] In one meet-and-confer telephone call, Defendant's counsel asserted that Plaintiff filed an amended complaint, rather than a supplemental complaint, to circumvent the need to pay an additional $400 filing fee. Plaintiff's counsel explained that in federal court, unlike state court, there was no such fee required. Plaintiff's counsel also pointed out that the plaintiff in this instance is indigent and could easily be exempted from any filing fee. Decl. of Sobel ¶ 4.

## III. ARGUMENT

### A. Plaintiff Fully Complied with Federal Rule of Civil Procedure 15

Federal Rules of Civil Procedure 15(a) provides that a Plaintiff may amend his Complaint without leave of Court within 21 day of service on the opposing party. Implicitly, the 21-day threshold is tied to the initial time period for the Defendant to respond to the Complaint after service of the Summons. Within 21 days after the Defendant responds to the Complaint, the Plaintiff may amend without leave of Court. *Id.* The rule anticipates that the Defendant will file a responsive pleading within 21 days of service.

In this instance, Defendant advances the unsupportable construction of the rule that would allow the City to get repeated extensions, as it has done here, but require Plaintiff to amend after the initial 21 days only with leave of the Court. This cramped application of the rule makes no sense since, if Defendant had filed a response at some time in the last three months, Plaintiff could have filed an amended complaint then without leave of Court.

The Advisory Committee notes regarding the 2009 amendments to Rule 15(a) make this precise point. They explain that, although "the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)," the amendments to the Rule mean that "the right to amend once as a matter of course is no longer terminated by service of a responsive pleading" and the Plaintiff may amend within 21 days of the filing of a responsive pleading, as well. Because there is no responsive pleading to date, Plaintiff did not need to seek leave of the Court to file his amended complaint.

### B. The Defendant City is Improperly Elevating "Form Over Substance" Contrary to the Purpose of the Rules

The City cites *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) and *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008) in support of its motion. Both *Cabrera* and *Connectu*, however, support Plaintiff's position that seeking leave to file both an amended and a separate supplemental

4

complaint is not necessary in this instance.

In *Cabrera*, the Ninth Circuit determined that, although the plaintiff filed an "amended" complaint instead of a "supplemental" complaint to include a malicious prosecution claim that accrued after the initial complaint was filed, the characterization of the pleading was immaterial. *Cabrera*, 159 F.3d at 382. As the court emphasized, Rule 15(d) should be read "to minimize technical obstacles to a determination of the controversy on its merits." *Id*. (citing *Reiten*, 313 F.2d at 674). "The [Rules] were designed, and should be interpreted and applied, to avoid such a technicality." *Id*. Accordingly, the Ninth Circuit found that the amended complaint was proper and timely and reversed the lower court. *Id*.

*Connectu*, with similar facts, further supports Plaintiff's position. There, Connectu filed suit in federal court based on diversity jurisdiction. 552 F.3d at 86. Shortly after, and before any responsive pleading was filed, Connectu registered a copyright. *Id.* Connectu amended the complaint as a matter of course, asserted a copyright infringement claim, and changed the jurisdictional basis from diversity to federal subject matter jurisdiction. *Id.* The defendants moved to dismiss for, *inter alia*, lack of subject matter jurisdiction. *Id*. Although the Court found that defendants waived the argument that Plaintiff should have filed a supplemental complaint rather than an amended complaint, the Court nonetheless noted that the "[t]he difference is modest." *Id* at 90.

In both *Cabrera* and *Connectu*, the Plaintiffs incorporated a wholly new and independent cause of action based on facts occurring after the filing of the initial complaint. In both instances, the Court rejected the defendant's argument that it should have been a supplemental complaint rather than an amended complaint. As the Court in *Connectu* concluded, "the question of which label applies is more theoretical than real." *Id*.

Plaintiff amended the initial Complaint as a matter of course. In doing so, he added factual allegations supporting new instances of misconduct, but with the same

parties and the claims for relief.  Requiring Plaintiff to seek leave of Court to file a separate pleading entitled "supplemental" defeats the Rules' purpose in promoting judicial efficiency at the expense of "an arcane bit of nomenclature." *Id.*

### C. Plaintiff has Complied with the Government Claims Act

The City claims that Plaintiff is attempting to circumvent the Government Claims Act by amending the complaint to allege new claims that are fully exhausted.[2]  To support this assertion, Apparently, Defendant construes the law to mean that, if an injured party files a new government claim for events occurring after the initial claim, once that additional government claim is exhausted, Plaintiff may not then amend the existing Complaint to add these additional claims for damages but must, instead, file a new lawsuit.  In support of this contention, Defendant cites only *City of Stockton v. Superior Court (Civic Partners Stockton)*, 42 Cal. 4th 730, 746 (2007).

*City of Stockton* is inapposite.  There, the plaintiff filed <u>no</u> tort claim and was not aware that he needed to do so.  Failing to provide a pre-filing notice and exhaust his administrative remedies on his state law claims, the plaintiff argued that "the filing of a lawsuit … obligat[ed] the public entity to notify the plaintiff of the necessity to present a proper claim if the entity is to preserve its defense under the claims statutes." *Id*.  The court rejected this argument, finding that it was in direct contradiction with the Government Claims Act requirement that claims be presented *before* suit is filed.  *Id*.  Here, Plaintiff complied fully with the state statutory requirements before filing this lawsuit and, similarly, before amending to add claims for events occurring after the initial unlawful seizure of his property.

Plaintiff presented a second timely government claim for four additional seizures and destruction of his property. On November 21, 2018, the City sent a

---

[2] This argument only applies to Plaintiff's state law claims as the City may not impose an exhaustion requirement on Plaintiff's federal civil rights claims. *Monroe v. Pape*, 305 U.S. 167 (1971); *Patsy v. Board of Regents*, 457 U.S. 496 (1982),

letter to Plaintiff's counsel, acknowledging receipt and assigning a claim number. Decl. of Sobel, Exhibit 2. No further communication was sent on this claim and it was denied by operation of law. Cal. Gov. Code § 912.4; *see also* Deft. Motion at 5. Only after he exhausted the administrative requirements for his second tort claim did Plaintiff place them before the Court in his FAC. Nothing in the statutory scheme or case law prohibits Plaintiff from amending existing litigation to add state law claims for relief that are properly exhausted.

The Defendant City has no basis to complain here. The City had ample opportunity to investigate these claims but did not do so, as the City apparently did not investigate Mr. Schellenberg's initial government claim, either.

It bears emphasis that the plaintiff in *City of Stockton* never filed a government claim and, instead, tried to shift responsibility to the government to notify him of this deficiency if the government intended to assert failure to exhaust administrative remedies as an affirmative defense. This argument directly contradicts the express statutory requirements of the Government Claims Act. In other circumstances, Courts have found compliance with the Claims Act even where plaintiffs filed an action prematurely. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243-44 (2004). The California Supreme Court in *Bodde* cited various cases involving premature filing of a complaint where the plaintiff submitted a timely claim. *Id.* The Court explained that in those cases, the courts correctly refused to dismiss actions where the plaintiffs submitted a timely claim but prematurely filed a complaint. *Id.* "[B]y filing the claim and prematurely filing the complaint, [the plaintiffs] had satisfied the purpose behind the requirement – to give the entity the opportunity to investigate and settle the claim before suit was brought. *Id.* at 1244.

Federal courts rely on *Bodde* and its "substantial compliance" reasoning in similar situations. *See e.g. Ramos v. Marcisz*, 2008 WL 257292 (S.D. Cal. 2008) (finding that where the plaintiff filed an action in federal court on the same day she filed a petition for relief from the Claims Act requirement in state court, she had

substantially complied with the Claims Act because the city received every benefit to which it was entitled); *Yearby v. California Dep't of Corr.*, No. 2:07-CV-02800, 2010 WL 2880180, at *6 (E.D. Cal. July 21, 2010), <u>report and recommendation adopted,</u> No. 2:07-CV-2800, 2010 WL 3769108 (E.D. Cal. Sept. 22, 2010) ("This court's review of … California tort cases involving prematurely-filed complaints has failed to reveal a case, as here, where plaintiff filed the original complaint before filing a timely tort claim and then amended his complaint to allege a tort cause of action and plead compliance with the claim presentation requirements. However, the "substantial compliance" reasoning of these cases remains analogous.").

Plaintiff has completely complied with the Government Claims Act. That he amended the pleadings, as of right, to include the new (related) claims in one combined action, does not circumvent the statutory scheme.

## VI. CONCLUSION

For these reasons, the Court should deny the City's Motion to extend time to respond to the initial complaint and to strike the FAC, and order the City to file a response to the FAC within seven days of the Court's ruling on the motion.

Dated: March 4, 2019          Respectfully submitted,
                              LAW OFFICE OF CAROL A. SOBEL

                              _____
                              By: Monique Alarcon
                              Attorneys for Plaintiffs