MICHAEL N. FEUER (SBN 111529)
City Attorney
GABRIEL S. DERMER (SBN 229424)
Assistant City Attorney
**ARLENE H. HOANG (SBN 193395)**
Deputy City Attorney
**RUTH M. KWON (SBN 232569)**
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-7508/6952
Facsimile: (213) 978-7011
arlene.hoang@lacity.org/ruth.kwon@lacity.org
Attorneys for CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REX SCHELLENBERG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF LOS ANGELES, a municipal entity; Does 1-10,<br><br>Defendants. | No. CV 18-07670 CAS (PLAx)<br><br>**REPLY OF DEFENDANT CITY OF LOS ANGELES IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO THE INITIAL COMPLAINT [DKT. 1], AND TO STRIKE THE FIRST AMENDED COMPLAINT [DKT. 13]; DECLARATION OF RUTH KWON**<br><br>Date: March 25, 2019<br>Time: 10:00 a.m.<br>Courtroom: 8B<br>Hon. Christina A. Snyder<br>United States District Judge<br><br>Action Filed: September 3, 2018 |

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................. 1

II.  ARGUMENT .................................................................................................... 2

    A.   The Opposition concedes facts demonstrating that Plaintiff has filed a "supplemental" complaint without leave of Court. ......................................... 2

    B.   The City's request that the parties comply with the Federal Rules is reasonable and compulsory. ............................................................................ 3

        1.   Plaintiff *elected* not to seek leave of Court for his supplemental complaint; thus, the City's Motion to should be granted .................... 3

        2.   Unlike the parties in *ConnectU* and *Cabrera*, the City has not waived any argument that the supplemental complaint is improper. ............................................................................................. 4

        3.   Plaintiff declines to file a motion to support the supplemental complaint; thus, the City's Motion should be granted ........................ 5

    C.   Plaintiff did not exhaust his administrative remedies under the California Government Claims Act prior to filing the suit ........................... 8

III. CONCLUSION ................................................................................................ 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The City of Los Angeles ("the City") brings the underlying Motion requesting the Court set an April 8, 2019 deadline to respond to the Initial Complaint (Dkt. No. 1) and striking the "First Amended Complaint" (Dkt. No. 13). Plaintiff has filed a supplemental complaint without obtaining the Court's leave via a motion, as required by Rule 15(d) of the Federal Rules of Civil Procedure ("Rules").

Upon reviewing the unauthorized supplemental complaint,[1] counsel for the City conferred at length with Plaintiff's counsel regarding Plaintiff's need to seek, via motion, leave of Court to file the supplemental complaint. Declaration of Arlene Hoang ("Hoang Decl."), Dkt. 14-1; Declaration of Ruth Kwon (filed concurrently herewith) ("Kwon Decl."). Plaintiff declined and insisted that the FAC was an amended complaint filed "as a matter of right."

Due to Plaintiff's decision not to seek the Court's leave, the only pleading on file as of right was – and continues to be – the Initial Complaint. On February 6, the City filed the underlying Motion. Plaintiff's Opposition to the motion ("Opposition" or "Opp."; Dkt. No. 16) *concedes* all facts showing that that the "First Amended Complaint" is actually a "supplemental complaint." Yet Plaintiff still insists that he need not seek leave of Court or file a motion.

---

[1] The unauthorized supplemental complaint attempts to add several new claims arising from four purported incidents of property seizure in alleged violation of the Fourth, Fifth, and Fourteenth Amendments and the Americans with Disabilities Act. The supplemental complaint also invites the Court to exercise supplemental jurisdiction over each of the four new incidents under several state laws (Bane Act, Unruh Act, and Cal. Civ. Code § 2080), yet Plaintiff's government claims were not administratively exhausted until after the lawsuit was filed. Indeed, assuming Plaintiff's allegations are true, ¬¬three of the incidents did not even occur until after Plaintiff filed this case, so he could not have presented government claims to the City, much less receive a response, prior to filing this lawsuit.

The Opposition relies, in part, on improper *ad hominem* (or *ad governmentum*) attacks. Otherwise, Plaintiff's argument relies on the *presumption* that *if* he had filed a motion seeking leave (which he has not), the motion would be granted. Plaintiff decided not to seek leave for its supplemental complaint. Therefore, the City respectfully requests that the City's Motion be granted in its entirety, such that the case should proceed on the Initial Complaint, and the unauthorized supplemental pleading should be stricken. There is no prejudice here, as Plaintiff may attempt to file a new lawsuit on the additional claims.[2]

## II. ARGUMENT

### A. The Opposition concedes facts demonstrating that Plaintiff has filed a "supplemental" complaint without leave of Court.

Contrary to Plaintiff's assertions, he did not comply at all – never mind, fully – with Rule 15. Rule 15(d) mandates that a plaintiff obtain permission from the Court upon motion and reasonable notice to file a supplemental complaint – which Plaintiff failed to do. As Rule 15 and the case authorities make clear, a supplemental complaint adds facts that purportedly occurred after the original pleading was filed, while an amended complaint adds facts that purportedly occurred prior to the initial filing date. Plaintiff admits that his "First Amended Complaint" (Dkt. 13) ("FAC") includes factual allegations of incidents that occurred after the filing of the present action (September 3, 2018). Opp., Dkt. 16, at 3:1-3 & 3:13-14. Despite this admission, Plaintiff argues that the supplemental complaint is an amended pleading "as of right" under Rule 15(a). Opp., Dkt. 16, at 4:2-23.

While the City disputes Plaintiff's interpretation of Rule 15(a), and without waiving any argument regarding it, Plaintiff's reasoning is a red-herring. Rule 15(d), not

---

[2] During a telephonic meet and confer, Plaintiff's counsel informed Defendant's counsel that they could and might file a new lawsuit on these additional claims to resolve the issues the City raised concerning the supplemental complaint. Kwon Decl. ¶ 7.

Rule 15(a), applies here, and a supplemental complaint cannot be filed "as a matter of course." Fed. R. Civ. P. 15(d); *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008) ("An amended complaint sometimes can be filed "as a matter of course," Fed. R. Civ. P. 15(a); a supplemental complaint cannot.") Because Plaintiff admits he did not move for leave of Court to file the supplemental pleading (Opp., Dkt. 16, at 3:21-23), he violated Rule 15(d). The "FAC" is unauthorized; the City's motion should be granted.

### B. The City's request that the parties comply with the Federal Rules is reasonable and compulsory.

The Federal Rules of Civil Procedure govern civil proceedings in all federal district courts, and "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In the "Notice to Counsel," this Court expressly states, "Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure." Dkt. 15 at 1:21-22. Despite this admonishment, Plaintiff unreasonably vilifies the City for attempting to ensure the Rules are followed.

### 1. Plaintiff *elected* not to seek leave of Court for his supplemental complaint; thus, the City's Motion to should be granted.

Contrary to Plaintiff's assertion, the City is not engaging in any untoward conduct via its Motion. The City recognizes that the Rules (and the need to seek the Court's authorization in specific circumstances[3]) are in place for many reasons. Plaintiff, however, seeks to cherry pick which rules should be followed, and disregard others as

---

[3] During the telephonic meet and confer, preceded and followed by several emails, counsel for the City explained that under Rule 15(d), leave of Court was required and that requiring such leave prior to the filing of a supplemental complaint served multiple purposes. Kwon Decl. at ¶ 8. The Opposition mischaracterizes statements made during the call. Opp., Dkt. 16, at 3, fn. 1. Kwon Decl. at ¶¶ 8-9.

"form over substance." [4]  Here, Plaintiff's arguments, if adopted, would result in rendering the Rules irrelevant, or in rendering some Rules superior to others. Were Plaintiff's method of filing a supplemental complaint permitted, the parties (or the Plaintiff alone) could expand the scope of a case at any time, preventing the just, speedy and expeditious resolution of the matters before the Court.

This Motion, and the procedural predicament that required its filing, might have been avoided if Plaintiff sought the Court's authorization to file his supplemental pleading.  Counsel for the City raised this issue with Plaintiff's attorney on January 28, 2019 – mere days after being assigned to handle this matter – but Plaintiff's counsel declined, and continues to decline, to seek leave.  Declaration of Arlene Hoang, Dkt. 14-1, ¶¶ 2-4.  Because Plaintiff had given the City no other option, the City filed this Motion.  Having expressed a disinclination to seek the Court's leave, the Court should strike the supplemental complaint and set a deadline by which the City may respond to the Initial Complaint. If he so chooses, Plaintiff may file a new lawsuit on the additional claims.

> 2. <u>Unlike the parties in *ConnectU* and *Cabrera*, the City has not waived any argument that the supplemental complaint is improper.</u>

Plaintiff attempts to justify his failure to seek the Court's authorization to file his FAC by citing dicta from *ConnectU LLC v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008) and *Cabrera v. City of Huntington Park*, 159 F.3d 374 (9th Cir. 1998), both of which are inapposite.  Unlike here, in *ConnectU*, the defendants did not move to strike the supplemental pleading, nor did they present any arguments that the pleading should have

---

[4] Plaintiff's suggestion that he need not comply strictly with the Federal Rules does not comport with his counsel's argument in a pending case against the City. There, counsel argued that the City's motion (involving different City counsel) should be dismissed due to a purported failure to comply strictly with the Local Rule 7-3 meet and confer requirements. *See* Dkt. 52, pp. 1-3, in *Mitchell v. City of Los Angeles*, United States District Court, Central District of California, Case No. 16-CV- 01750 SJO (JPR).

4
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO THE INITIAL COMPLAINT AND STRIKE THE FIRST AMENDED COMPLAINT

been regarded as a supplemental complaint, rather than an amended complaint. 522 F.3d at 90.  The parties operated under the "amended complaint" for about a year before challenging it.  Thus, the Court held that the issue was waived.  *Id*.  Similarly, in *Cabrera*, the parties filed various pleadings including joint stipulations and motion papers that led the Court to determine that the parties expressly consented to the filing of a supplemental or amended claim for malicious prosecution.  159 F.3d at 382.  The Court relied on Rule 15(b)(2), finding that the parties gave express consent to the trial of the malicious prosecution claim by stipulation.  *Id*.

Here, the City has not waived any argument concerning Plaintiff's improperly filed supplemental pleading. Indeed, the City notified the Plaintiff and the Court on its first reasonable opportunity to do so and filed this Motion to obtain relief.  The cases Plaintiff cite *reinforce* the propriety and timing of the City's Motion. The Motion should be granted.

        3.    <u>Plaintiff declines to file a motion to support the supplemental complaint; thus, the City's Motion should be granted.</u>

Requiring Plaintiff to follow the Federal Rules is not at the expense of "an arcane bit of nomenclature" as Plaintiff suggests, but rather promotes the interests of the Court and avoids undue prejudice to Defendant.  Rule 15(d) not only requires the Court's permission to file a supplemental complaint, but it also offers the parties the opportunity to fully brief the Court on the propriety of any supplemental complaint. *See* Rule 15(d) ("On motion and reasonable notice, the court may, on just terms" permit a supplemental pleading); *see also* L.R. 6-1 ("no oral motions will be recognized and every motion shall be presented by written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days.").  A party cannot unilaterally foreclose another party's right to fully brief the propriety of a supplemental complaint.

Yet much of the Opposition relies upon Plaintiff's presumption that the Court would grant him leave to file a supplemental complaint. Plaintiff is not entitled to such a

5
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO THE INITIAL COMPLAINT AND STRIKE THE FIRST AMENDED COMPLAINT

presumption; it is in the Court's broad discretion whether *or not*, to grant leave to file a supplemental complaint, when a motion is actually filed. Plaintiffs here decided not to file such a motion. Further, even when a motion is in fact filed, courts can and do deny leave to file a supplemental pleading if the supplemental pleading would result in undue prejudice to the opposing party, is a product of bad faith, would cause undelay in the proceedings, or would be a futile exercise.[5]

Here, a cursory review of the unauthorized supplemental complaint raises multiple concerns of prejudice, lack of good faith, delay, and futility. It is indisputable that the FAC greatly expands the issues in this case to the City's prejudice. While the initial Complaint involved a single incident, the alleged seizure of Plaintiff's personal property on July 14, 2017 in Northridge, the FAC adds four additional incidents on four separate dates in 2018 (July 10, September 6, September 19, and October 28) in four separate locations in the West Hills and Woodland Hills neighborhoods of the City.

Although Plaintiff argues that the new allegations involve the same parties and the same claims for relief, this characterization is misleading. The new allegations involve five different events, five different sets of facts, as well as the involvement of different City personnel, different Council Districts, and different City agencies as well as

---

[5] *See Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (no abuse of discretion in denying supplemental complaint where it failed to remedy deficiencies in original complaint); *Shatford v. L.A. Cty. Sheriff's Dep't*, No. CV 15-1767 BRO (AJW), 2016 U.S. Dist. LEXIS 52473, at *75 (C.D. Cal. Mar. 29, 2016) (adopted at 2016 U.S. Dist. LEXIS 52449) (denying supplemental complaint where it did not remedy defects in the prior complaint and failed to state a claim); *Schimmeyer v. 99¢ Only Stores*, No. CV 07-08126 SJO (FFMx), 2008 U.S. Dist. LEXIS 127252, at *2-3 (C.D. Cal. July 7, 2008) (denying supplemental complaint where plaintiff wished to add two new causes of action against the same entity); *see also Hunt v. Rios*, 2009 U.S. Dist. LEXIS 107882, at *5-8 (E.D. Cal. Oct. 30, 2009) (denying supplemental complaint where administrative remedies had not been exhausted and holding that "[e]ven if the conduct alleged is similar to this suit, the allegations should be made (if at all) in a separate civil action").

different divisions within those agencies.[6] Moreover, Plaintiff sues Doe Defendants "in their official and individual capacities," but Plaintiff's Opposition does not – because it cannot in good faith – assert that Doe Defendants are the same across all five incidents at issue. Just because the causes of action have the same title and are alleged (primarily) against the City does not make the claims the same, and the alleged facts and individuals involved in each incident are separate and distinct. *See, e.g., Aul v. Allstate Life Ins. Co.*, 1993 U.S. App. LEXIS 10517, *8 (9th Cir. 1993) (a claim based on different rights and established by different transactional facts will be a different cause of action, even if the remedy sought is substantially similar).

There is also some doubt as to whether Plaintiff's *original* claim for relief (in his Initial Complaint) has any merit at all. Plaintiff alleged both in his Initial Complaint and his government claim that his property was seized on July 14, 2017, but the City has no record of any property seizure on that date. Kwon Decl. ¶3. Plaintiff's cryptic allegations also suggest that he may have a reason to believe that no seizure took place at that time. *See* FAC ¶¶ 23-24 and Compl. ¶¶ 23 (alleging that plaintiff "was informed him [*sic*] that no vehicle from that area brought in property on the day in question" but was later called to recover property that Plaintiff says was "mislabeled.") Thus, the most just and efficient resolution of this case may be dismissal of the Initial Complaint and case.[7]

Given the significant expansion of this case, and the burden it places on the Court

---

[6] Despite diligently conducting its investigation, as of the filing of this brief, the City has not been able to obtain all the necessary information and documentation from all the implicated City departments and personnel to confirm the basic facts about the four additionally alleged 2018 incidents. Kwon Decl. ¶ 4.

[7] If Plaintiff agrees with the City's initial assessment that his property was not seized on July 14, 2017 (as alleged in a government claim and in this case) the City requests that he voluntarily dismiss this case now. If the City prevails, it is possible that Plaintiff would be subject not only to costs but also fees for initiating and maintaining an unfounded action. *See* Fed. R. Civ. P. 54(d); Cal. Civ. Proc. § 1038; and 42 U.S.C. § 1988.

and the City – especially if the City must prove a negative – the relief sought by the City is appropriate. Because Plaintiff made a deliberate decision not to file a motion to seek leave to file his supplemental pleading, the case should proceed pursuant to the Initial Complaint. The City's Motion should be granted

### C. **Plaintiff did not exhaust his administrative remedies under the California Government Claims Act prior to filing the suit**

Another reason to grant the City's Motion and for this case to proceed on the Initial Complaint (if at all), is that Plaintiff's unauthorized supplemental complaint violates the Government Claims Act. Plaintiff would have this Court exercise supplemental jurisdiction over state law claims, which were not exhausted (or had not even occurred) prior to filing suit. The Court need not and should not do so here.

Plaintiff concedes, as he must, that compliance with the Government Claims Act is required for state law tort claims for damages. *See, e.g.*, *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988). The filing of a claim for damages "'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant….' [Citations]." *State of California v. Superior Court* (*Bodde*), 32 Cal.4th 1234, 1240 (2004). Plaintiff's argument that he "substantially complied" with the Government Claims Act lack merit. Significantly, none of the cases cited by Plaintiff involve the same situation as here where Plaintiff seeks to "tack on" multiple, additional claims after the filing of his initial Complaint – including three claims involving incidents that occurred after the filing of his Complaint.

In *Bodde*, the California Supreme Court analyzed cases involving the premature filing of a complaint against a public entity even though the plaintiff submitted a timely claim to the entity (meaning the complaint was filed before the time for the entity to act on the claim had expired). In those instances, the Courts held that the plaintiffs substantially complied with the claim presentation requirement. 32 Cal.4th at 1244. Here, however, three incidents had not yet occurred when Plaintiff filed suit, and

therefore no claim could have been presented at the time suit was filed.

In *Ramos v. Marcisz*, 2008 U.S. Dist. LEXIS 6019, 2008 WL 257292 (S.D. Cal. 2008), the plaintiff filed her lawsuit on the same day she filed a state court petition for relief from the Government Claims Act's presentation requirement. The Court, in relying on the *Bodde* premature filing doctrine (2008 WL 257292 at *6), found that the plaintiff's initial complaint substantially complied with the Government Claims Act's statute of limitations. *Id.*, at *3. And in *Yearby v. California Department of Corrections, et al.*, 2010 U.S. Dist. LEXIS 73717, 2010 WL 2880180 (E.D. Cal. 2010), the plaintiff filed the original complaint before filing a timely tort claim, and then amended his complaint to allege a tort cause of action after timely submitting the claim. 2010 U.S. Dist. LEXIS 73717, *19-20. Notably, unlike here, the defendant twice filed statements of non-opposition to the plaintiff's requests to amend his complaint to add his state law claims, and neither of the amended complaints reflected any defects in the plaintiff's pleadings as to his tort claims. *Id.*, at *26. Here, the City was deprived of any opportunity to brief these issues.

The Court in *Yearby* further indicated that the situation did not present any "relation back" issues. *Id.*, at *22-23.[8] Here, however, Plaintiff arguably wants to use the original lawsuit filing date to contend that his action is timely with regard to the 2017 incident, but then also wants to use the filing date of his FAC to contend that it is timely with regard to the 2018 incidents. Adopting Plaintiff's rationale would open the door to allow a plaintiff to add claims of future incidents to pending lawsuits – that were filed before the claims even existed – without end.

---

[8] Significantly, the *Yearby* Court *denied* the plaintiff's motion to file an amended or supplemental complaint. *Id.*, at *28-33. The Court held that the proposed complaint challenged different conduct by different people, the challenged conduct arose at different times in different facilities, and the proposed complaint did not name the current defendant. *Id.*, at *30-31.

9
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO THE INITIAL COMPLAINT AND STRIKE THE FIRST AMENDED COMPLAINT

## III. CONCLUSION

Based on the foregoing, and the arguments raised in its moving papers, Defendant City of Los Angeles respectfully requests that the Court grant its Motion in its entirety.

Dated: March 11, 2019          Respectfully submitted,


                                        /s/
                               RUTH M. KWON
                               Deputy City Attorney

                               Attorneys for Defendant City of Los Angeles