

Ruth Kwon <ruth.kwon@lacity.org>

# Re: Schellenberg

**Ruth Kwon** <ruth.kwon@lacity.org>  Tue, Feb 5, 2019 at 11:17 AM
To: Carol Sobel <carolsobel@aol.com>
Cc: Monique Alarcon <Monique.alarcon8@gmail.com>, Arlene Hoang <arlene.hoang@lacity.org>, Gabriel Dermer <gabriel.dermer@lacity.org>

> Carol,
>
> We certainly wish to maintain a professional and courteous dialogue.  For that reason, Arlene reached out to you over a week ago (just a few days after Arlene and I were assigned this case) so that Plaintiff Mr. Schellenberg could attempt to seek leave to include the four additional incidents he wishes to include in this lawsuit.
>
> It seems as if you are asking us to hunt for analogues to the parties' situation, without regard to the express requirements of the FRCP and Government Claims Act.
> The FRCP requires that a litigant seek leave of Court by "motion" and with reasonable "notice."  The claims presentment requirements of the Government Claims Act are to be exhausted prior to filing a lawsuit.
>
> As for the filing fees, you asked me to explain why Plaintiff should file a motion for leave instead of coming to some informal agreement/in lieu of Defendant filing some motion.  We  explained that there were many potential reasons why FRCP 15(d) and Government Claims Act have such requirements, including overcrowding of dockets, filing fees for each lawsuit, not to mention simple prejudice to the defendant, here a government entity.  I did not accuse Plaintiff of avoiding the filing fees. Indeed, you had already volunteered that Plaintiff would be willing to file two new lawsuits in state and federal courts (thus incurring additional filing fees) to resolve this issue.
>
> What we have been saying all along is that there is a remedy prescribed by the applicable rules.  Plaintiff can apply for leave of Court via noticed motion to include four additional incidents, which post-date the lawsuit and were not presented in government claims prior to the initiation of this lawsuit.

On Tue, Feb 5, 2019 at 10:21 AM <carolsobel@aol.com> wrote:
> It is not helpful to maintaining a professional relationship for you to take this position that somehow we are asking you to litigate around the FRCP or state law.  We believe we are in complete compliance.
>
> None of the cases and none of the rules you cite on the FRCP address the situation where a party has amended the complaint before any responsive pleading was filed. The cases are clear that FRCP 15 is too be liberally construed in the interest of moving forward on the merits and not elevating form over substance.
>
> None of the rules that you cite address the situation here where you filed no responsive pleading before we amended.  The state case you cited - City of Stockton - does not address the situation where a party files a tort claim, waits for it to be denied, files a complaint, then files another tort claim, waits for it to be exhausted, then files an amended complaint.  We did not file suit on the second set of tort claims until the City had ample time to meets its statutory opportunity to investigate the complaint.  If you have another case that addresses the situation where a party does not amend until after a subsequent tort claim involving the same parties in a related incident is denied by operation of law, please send us the case.
>
> Your statement to us the other day of a concern that we are somehow circumventing paying another $400 to the federal court is not compelling.  Given Mr. Schellenberg's indigent state, he would qualify for a fee waiver in any event.  Nor am I aware of any case that holds that a party may not amend without filing an additional fee.  Federal court, unlike state court, is not run on per filing fee charges.

To be clear, I did not say or even "suggest" that I extended the time for the City to file a responsive pleading based on the City's agreement to the content of the new pleading. Please do not represent to the Court otherwise. My email to Gabriel speaks for itself. I said nothing when I wrote him the email other than saying the extension was fine because we would amend the complaint. He certainly could have done so. He could have said "send me the amended complaint before you file it." He did not.

My statement about filing in state court and federal court at the same time was a result of your insistence that we could not amend to add in state claims based on the incidents in the second tort claim because the litigation was already filed. I understood your argument to be that one can never amend a case to add in subsequent tort claims once the time for the defendant to investigate said claims had expired. The only option then would be to file separate lawsuits seriatim. Nothing in the statutory scheme requires such a result.

Because Rule 15 is liberally construed, and because we are the very beginning of this litigation, I would anticipate that the Court would give leave to amend, were such a motion necessary. Indeed, as the City learned in Desertrain v. City of Los Angeles, the Court should give leave to amend even at the summary judgment stage (or after trial). In our view it is not necessary and it is only going to result in considerable additional hours by us.

You should do what you want to do but it is our position that we should move on with litigating the merits of the case.


carolsobel@aol.com
Carol Sobel
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401


-----Original Message-----
From: Ruth Kwon <ruth.kwon@lacity.org>
To: Carol Sobel <carolsobel@aol.com>; Monique Alarcon <Monique.alarcon8@gmail.com>
Cc: Arlene Hoang <arlene.hoang@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>
Sent: Tue, Feb 5, 2019 10:02 am
Subject: Re: Schellenberg

Carol and Monique,

     As we did not hear from you yesterday, the City will assume that Plaintiff has decided not to seek leave of Court for its supplemental complaint (Dkt. No. 13.)

     This email memorializes our meet and confer on this issue, most recently on Thursday, 1/31. In sum, the City cannot, and will not, litigate or stipulate around either the 1) Federal Rules of Civil Procedure or 2) the state's Government Claims Act.

Federal Rules of Civil Procedure
     Pursuant to Rule 15(d), a party must seek, by noticed motion, leave of Court before filing a pleading relating to events occurring after filing of a lawsuit. *See* FRCP 15(d) ("Supplemental Pleadings. <u>On motion and reasonable notice</u>, the court may on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened <u>after the date of the pleading to be supplemented</u>.") (underlining added)

Your original complaint, filed on 9/3/18, alleged state and Constitutional claims arising from a single event of 7/14/17. *See* Dkt. No. 1

The latest complaint, entitled an "amended" complaint, alleges four additional incidents: on 7/10/18, 9/6/18, 9/19/18, and 10/23/18. Because three of those incidents occurred <u>after the filing date of this lawsuit</u> (9/3/18), Plaintiff's latest complaint is a <u>supplemental</u> complaint, requiring leave of Court. FRCP 15(d). It is therefore an unauthorized complaint unless Plaintiff files a noticed motion and receives leave of Court.

Government Claims Act

Furthermore, pursuant to the claims presentment requirements of the state's Government Claims Act, a prospective litigant must submit a claim to a local government entity and obtain a denial prior to filing a lawsuit on that government claim. In the case shared with you, the state Supreme Court held that, "[t]he Legislature's intent to require the presentation of claims *before* suit is filed could not be clearer." (§ 945.4.) *City of Stockton v. Superior Court*, 42 Cal.4th 730,746 (2007) (italics in original.)

Here, for the four incidents now alleged in the supplemental complaint, Plaintiff has admitted that he submitted a government claim to the City on 11/7/18, <u>while</u> his current lawsuit was pending. AC, ¶ 39. Therefore, Plaintiff has not complied with the claims presentation requirement.

Rather than seeking leave of the Court to add these incidents to the pending lawsuit, you have stated that Plaintiff may file new lawsuits in federal and state courts. While we do not understand why that route would be preferable to Plaintiff or even if that would be permitted under the circumstances, we are still waiting to hear whether you will choose that route.

You have also suggested that you extended the responsive pleading deadline for the original complaint on the condition that the City agree to the *contents* of the supplemental complaint. As explained to you, Mr. Dermer was never shown a copy of a draft proposed complaint, so could not agree to the inclusion of the four new incidents. Regardless, per FRCP 15(d) and the Government Claims Act, the parties cannot so stipulate without the Court's Order.

Given this confusion, we informed you that the City may be forced to seek the Court's intervention for a firm response date to the original complaint, which is the only authorized pleading on file and/or to strike the unauthorized "First Amended Complaint."

On Wed, Jan 30, 2019 at 3:00 PM Arlene Hoang <arlene.hoang@lacity.org> wrote:
> Hi Carol and Monique:
>
> My colleague Ruth Kwon and I would like to have teleconference with you tomorrow (Jan. 31) at 2 p.m. if you are available to try and see if we could work out a resolution on these issues. Will you please advise if that works for you, and if so, the best number to reach you. Thank you.
>
> Arlene Hoang
> Deputy City Attorney, City of Los Angeles
> Business and Complex Litigation Division
> 200 N. Main Street, Room 675
> Los Angeles, CA 90012
> Phone: 213-978-7508
> Fax: 213-978-7011
> Arlene.Hoang@lacity.org

On Tue, Jan 29, 2019 at 2:12 PM <carolsobel@aol.com> wrote:
> Thank you for your letter concerning our pleadings in this case. After reviewing the authorities you cite, we believe that the FAC is properly filed. In fact, we believe the authorities you cite support the appropriateness of our filing.
>
> The City cites *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) and *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008) to explain why Plaintiff *must* seek leave to file both a supplemental and amended complaint. Both *Cabrera* and *Connectu*, however, support Plaintiff's position that seeking leave to file an amended and supplemental complaint would be futile.
>
> In *Cabrera*, the Ninth Circuit determined that although the plaintiff filed an amended complaint - instead of a supplemental complaint - to include facts that occurred after the initial filing, the characterization of the pleading was immaterial. *Cabrera*, 159 F.3d at 382. Instead, the court made clear that Rule 15(d), like the rest of the Rules, should be read "to minimize technical obstacles to a determination of the controversy on its merits." *Id.* Accordingly, the court found that the plaintiff's amended complaint adequately raised a malicious prosecution claim within the statute of limitations and reversed the lower court. *Id*.
>
> *Connectu* further supports Plaintiff's position. "The difference [between a supplemental and an amended complaint] is modest." *Connectu*, 522 F.3d at 90. Here, as in *Connectu*, at this stage in the pleadings, "the question of which label applies is more theoretical than real." *Id.* If the parties can agree to leave the FAC as is, acknowledging that it would avoid the need to incur further fees in this case, there is no procedural error with the FAC. *See Id.*; *United States v.* Zannino, 895 F2d 1, 17 (1st Cir. 1990).
>
> Given that there is no bad faith, undue delay, prejudice, or futility to the proposed amendments, the Court is likely to grant a motion to amend and/or supplement the pleadings, if Plaintiff were to file one, but that seems like an unnecessary expenditure of time on plaintiff's counsel's part.
>
> On December 17, 2018, the parties agreed to a 30-day extension of time to answer. In January, the City asked for additional time to respond to the initial complaint. On January 15, 2019, -the parties agreed that Plaintiffs would file an FAC within the 30-day extension period, thereby allowing the City additional time to file a responsive pleading. The amendment was made with the opposing party's knowledge. There was no objection from Gabriel at that time. I specifically advised Gabriel that the amended complaint would include the events in the second tort claim and sent him a copy of that tort claim.
>
> If you still disagree that are amended complaint if proper and, instead, needs to be an amended complaint and a supplemental complaint only with leave of the court, you are free to file a motion to strike the amended complaint. I hope that, instead, we can move to the merits.
>
>
> Carol Sobel
>
>
>
> carolsobel@aol.com
> Carol Sobel
> 725 Arizona Avenue, Suite 300
> Santa Monica, CA 90401
>
> *****************Confidentiality Notice *************************
> This electronic message transmission contains information
> from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
> distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
> *******************************************************************

--

Ruth M. Kwon
Deputy City Attorney
Business and Complex Litigation

***************** Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client
privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error,
please notify us immediately by e-mail and delete the original message and any attachments without reading or
saving in any manner.
***************************** ****************************** ********

--
Ruth M. Kwon
Deputy City Attorney
Business and Complex Litigation



**MIKE FEUER**
**CITY ATTORNEY**

January 28, 2019

**VIA EMAIL AND U.S MAIL**
Carol A. Sobel
Monique A. Alarcon
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
Em:   carolsobel@aol.com
        Monique.alarcon8@gmail.com

    Re:   *Rex Schellenberg v. City of Los Angeles*
           United States District Court, Central District of California, Case No. 2:18-CV-07670-CAS-PLA

Dear Ms. Sobel and Ms. Alarcon:

Please be advised that I have recently been assigned to represent Defendant City of Los Angeles in the above-entitled matter. I look forward to working with both of you.

The purpose of this letter is to address a potential issue with the First Amended Complaint (FAC) that Plaintiff filed in this action on or about January 18, 2019. Based on our review of the pleading, it appears that the FAC may actually be a supplemental complaint as well as an amended complaint. Rule 15(d), which governs supplemental pleadings, states, in relevant part:

> "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time."

Similarly, Rule 15(a)(2), which pertains to amended pleadings, allows a party to amend its pleading with the opposing party's written consent or leave of court if the amendment is done 21 days after serving the initial complaint or 21 days after service of a responsive pleading/Rule 12 motion (Fed.R.Civ.Pro. 15(a)(1).)

In light of the foregoing, leave of Court is needed for the supplemental and amended pleading, such that a motion for leave is necessary. Given the important and sensitive issues that are involved in this lawsuit, it is in the best interest of all parties to ensure that there are no procedural defects with the filing of the operative pleadings. We therefore request that the appropriate motion for leave and proposed pleading be filed with the Court, and to the extent you wish to discuss this issue further, please feel free to contact the undersigned.

Very truly yours,

Arlene N. Hoang
Deputy City Attorney