UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18–CV–07670–CAS–PLA | Date | March 22, 2019 |
|---|---|---|---|
| Title | REX SCHELLENBERG V. THE CITY OF LOS ANGELES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** MOTION TO EXTEND TIME TO FILE ANSWER (Dkt. [ 14 ], filed February 7, 2019)

## I. INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of March 25, 2019, is vacated, and the matter is hereby taken under submission.

On September 3, 2018, plaintiff Rex Schellenberg filed this action against defendant, the City of Los Angeles (the "City"). Dkt. 1 ("Compl."). Plaintiff, a "chronically homeless and disabled individual," alleges that on or about July 14, 2017, employees of the City unlawfully took plaintiff's property. See generally id. Plaintiff states claims for (1) an unreasonable seizure, in violation of the Fourth Amendment and 42 U.S.C. § 1983; (2) an unlawful taking, in violation of the Fifth Amendment and 42 U.S.C. § 1983; (3) a violation of plaintiff's right to due process of law, brought under the Fourteenth Amendment and 42 U.S.C. § 1983; (4) a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (5) a violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51; (6) a violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1; and (7) a violation of Cal. Civ. Code § 2080 et seq..

On December 17, 2018, the parties stipulated to extend defendant's time to answer the complaint to January 22, 2019. Dkt. 12. On January 18, 2019, plaintiff filed a "First Amended Complaint" against defendants. Dkt. 13 ("FAC"). The FAC alleges additional dates on which defendant's employees purportedly seized plaintiff's property, namely on July 10, 2018, September 6 and 19, 2018, and on October 23, 2018. FAC ¶¶ 27–29, 33–34. Previously, on or about November 7, 2018, plaintiff had submitted a Government

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18–CV–07670–CAS–PLA | Date | March 22, 2019 |
|---|---|---|---|
| Title | REX SCHELLENBERG V. THE CITY OF LOS ANGELES | | |

Claim to the City Clerk regarding these events. Mot. at 4. This claim was denied. Id.; Opp'n at 7.[1]

On February 7, 2019, defendant filed a motion to extend time to file an answer, and to strike the first amended complaint. Dkt. 14 ("Mot."). Plaintiff filed an opposition to defendant's motion on March 4, 2019. Dkt. 16 ("Opp'n"). On March 11, 2019, defendant filed a reply brief. Dkt. 17 ("Reply").[2]

## II. DISCUSSION

Defendant moves (1) for an extension of time to file its answer to plaintiff's complaint and (2) to strike plaintiff's first amended complaint because it is a supplemental pleading, for which plaintiff failed to received leave of court to file. Mot. at 5. Defendant argues that, because three of the events alleged in the FAC occurred *after* plaintiff filed its initial complaint, and because plaintiff filed his claim, with regard to these later events, with the City Clerk *after* plaintiff filed his initial complaint, the Court should strike the first amended complaint. Id. at 7, 9. Defendant specifically contends that plaintiff's filing of the first amended complaint violates Federal Rule of Civil Procedure 15(d) and the Government Claims Act, Cal Gov't Code §§ 915(a), 911.2(a), 945.4. Id. Defendant also requests that the Court extend the time for defendant to respond to plaintiff's initial complaint until April 8, 2019. Id. at 7. In response, plaintiff argues that he has filed an amended complaint, and therefore, "[b]ecause there is no responsive pleading to date, plaintiff did not need to seek leave of the Court to file his amended complaint." Opp'n at 4. Plaintiff further requests the Court to direct defendant to respond to the first amended complaint within seven days of the Court's ruling on this motion. Id. at 8.

---

[1] The parties do not indicate when plaintiff filed his claim regarding the July 2017 incident with the City, as required by the Government Claims Act. However, defendant does not appear to contest that this occurred.

[2] Plaintiff also filed an objection to defendant's reply on March 12, 2019, alleging that defendant made improper allegations about plaintiff's initial complaint. Dkt. 18 ("Obj."). The Court does not rely on this brief, as it constitutes an improperly filed sur-reply. See L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18–CV–07670–CAS–PLA | Date | March 22, 2019 |
|---|---|---|---|
| Title | REX SCHELLENBERG V. THE CITY OF LOS ANGELES | | |

Federal Rule of Civil Procedure 15 distinguishes between amended complaints and supplemental pleadings. "The former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." 6A Charles Alan Wright et al., Federal Practice & Procedure § 1504 (3d ed., 2018). Under Rule 15(a), "[a] party may *amend* its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a) (emphasis added). Conversely, a plaintiff must receive leave of court to file a supplemental pleading. Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading . . .").

In this case, plaintiff titles his augmented pleading as an "amended complaint" See FAC at 1. In reality, it is a supplemental pleading: it alleges three new events, each of which occurred after the date this action was filed. Id. ¶¶ 27–29, 33–34. However, the fact remains that defendant demonstrates no cognizable prejudice with regard to the supplemental complaint. Although plaintiff now seeks to include three additional incidents, which may expand discovery, the fact remains that the supplemental pleading does not change plaintiff's theory of the case. In these circumstances, while plaintiff was required to obtain leave of the Court before he filed his supplemental pleading—indeed, even if it the subsequent pleading were deemed to be an amended complaint, leave would have been required because plaintiff filed the amendment more than 21 days after service, see Fed. R. Civ. P. 15(a)— the fact remains that the Court would have granted leave to file the complaint, whether construed as an amended complaint or a supplemental complaint, had plaintiff made the appropriate motion.[3]

---

[3]  The fact that the City denied plaintiff's government claim before plaintiff filed the supplemental pleading demonstrates that plaintiff "substantially complied" with his obligations under the Government Claims Act. Plaintiff "satisfied the purpose behind the requirement—to give the entity the opportunity to investigate and settle the claim before suit was brought." State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004) (approving numerous cases involving prematurely-filed complaints and technical filing defects where plaintiffs demonstrated "substantial[] compliance with the claim presentation requirement").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18–CV–07670–CAS–PLA | Date | March 22, 2019 |
|---|---|---|---|
| Title | REX SCHELLENBERG V. THE CITY OF LOS ANGELES | | |

Similarly, to the extent that defendant seeks to respond to the complaint, and the supplement there to, the Court **GRANTS** defendant's request to extend the deadline by which they are to respond to **April 8, 2019**.

The Court admonishes the parties that, in the future, they should act with the civility required by the Codes of Professional Conduct.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's request to strike the FAC. The Court **GRANTS** defendant's request to extend the deadline by which to respond to plaintiff FAC to **April 8, 2019**.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | SMO |