MICHAEL N. FEUER, City Attorney
JAMES P. CLARK, Chief Deputy City Attorney
GABRIEL DERMER, Managing Assistant City Attorney (SBN 229424)
**FELIX LEBRON, Deputy City Attorney (SBN 232984)**
Business and Complex Litigation Division
200 North Main Street, Room 675
Los Angeles, California 90012
Telephone: (213) 978-7559
Facsimile: (213) 978-7011
Felix.Lebron@lacity.org

Attorneys for Defendant the City of Los Angeles

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX SCHELLENBERG, an individual<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF LOS ANGELES, a municipal entity, DOES 1-10,<br><br>Defendant. | CASE NO.: 2:18-cv-07670-CAS-PLA<br>*[Assigned to the Hon. Christina A. Snyder]*<br><br>**ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Ctrm: 8B<br>Hon. Hon. Christina A. Snyder<br><br>Action filed: Sept. 3, 2018 |

COMES NOW Defendant CITY OF LOS ANGELES ("Defendant" or "City") in answering Plaintiff Rex Schellenberg's ("Plaintiff") First Amended Complaint ("FAC") under the Court's Order Denying in Part and Granting in Part Defendants' Motion to Strike the First Amended Complaint (Dkt No. 19) and pursuant to F.R.Civ.P. Rules 8 and 12(a)(4), for itself and for no others, admit, deny, and allege as follows:

## JURISDICTION AND VENUE

1. In response to paragraph 1, Defendant admits that this Court has jurisdiction over the federal claims alleged in the FAC under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201, 2202, and that the Court has supplemental jurisdiction over the state claims alleged in FAC under 28 U.S.C. § 1367. Defendant denies each and every remaining allegation.

2. In response to paragraph 2, Defendant admits the allegations therein.

## PRELIMINARY STATEMENT

3. In response to paragraph 3, Defendant admits that on or around September 5, 2012, Ninth Circuit issued an opinion in the case *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012), that the opinion addressed a preliminary injunction in the Skid Row district of Los Angeles and an older version of Los Angeles Municipal Code § 56.11, and that the opinion speaks for itself. Defendant denies each and every remaining allegation.

4. In response to paragraph 4, Defendant admits that it has been sued in the cases *Bennion v. City of Los Angeles*, *Justin v. City of Los Angeles*, *Lavan v. City of Los Angeles*, *Mitchell v. City of Los Angeles*. Except as expressly admitted herein, Defendant denies each and every remaining allegation.

5. In response to paragraph 5, Defendant denies each and every allegation contained therein.

## PARTIES

6. In response to paragraph 6, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

7. In response to paragraph 7, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

8. In response to paragraph 8, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

9. In response to paragraph 9, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

10. In response to paragraph 10, Defendant admits that the "City is a municipal entity organized under the laws of the State of California with the capacity to sue and be sued" and that the Los Angeles Police Department and Department of Public Works, Bureau of Sanitation are City departments. Defendant denies each and every remaining allegation.

11. In response to paragraph 11, Defendant admits that its employees were involved in incidents involving Plaintiff on July 10, 2018 and September 6, 2018. Defendant denies each and every remaining allegation therein.

12. In response to paragraph 12, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

## FACTS

13. In response to paragraph 13, Defendant denies each and every allegation contained therein.

14. In response to paragraph 14, Defendant denies each and every allegation contained therein.

15. In response to paragraph 15, Defendant denies each and every allegation contained therein.

16. In response to paragraph 16, Defendant denies each and every allegation

ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

contained therein.

17. In response to paragraph 17, Defendant denies each and every allegation contained therein.

18. In response to paragraph 18, Defendant denies each and every allegation contained therein.

19. In response to paragraph 19, Defendant denies each and every allegation contained therein.

20. In response to paragraph 20, Defendant denies each and every allegation contained therein.

21. In response to paragraph 21, Defendant denies each and every allegation contained therein.

22. In response to paragraph 22, Defendant denies each and every allegation contained therein.

23. In response to paragraph 23, Defendant denies each and every allegation contained therein.

24. In response to paragraph 24, Defendant denies each and every allegation contained therein.

25. In response to paragraph 25, Defendant denies each and every allegation contained therein.

26. In response to paragraph 26, Defendant denies each and every allegation contained therein.

27. In response to paragraph 27, Defendant admits that on July 10, 2018, at or around 1:30 p.m., City personnel responded to a public health and safety hazard near Victory Boulevard and Platt Avenue, that said response involved an encampment attached to the entryway of "posted" property under California Penal Code § 554, that the encampment created immediate public health and safety hazard by blocking ingress and egress, obstructing the public right-of-way, including accessible sidewalks under the Americans with Disabilities Act ("ADA"), and other various health hazards, such as the

presence of feces, urine, rate feces, roaches, flammable items, and other hazardous items injurious to public health and safety. Defendant further admits that City personnel informed Plaintiff of these violations and the demand to gather personal property and vacate the location, and that Plaintiff did collect personal property, including his tent and other essential property, that City personnel conducted a health and safety screening to remove public health and safety hazards from the public right-of-way, including hazardous waste, and that any remaining personal property not deemed a public health and safety hazard was returned to Plaintiff immediately following the screening, including a cellphone, notebook, medicine, and backpack. Except as expressly admitted herein, Defendant denies each and every remaining allegation.

28.  In response to paragraph 28, Defendant admits that on July 10, 2018, at or around 1:30 p.m., City personnel responded to a public health and safety hazard near Victory Boulevard and Platt Avenue, that said response involved an encampment attached to the entryway of "posted" property under California Penal Code § 554, that the encampment created immediate public health and safety hazard by blocking ingress and egress, obstructing the public right-of-way, including accessible sidewalks under the ADA, and other various health hazards, such as the presence of feces, urine, rate feces, roaches, flammable items, and other hazardous items injurious to public health and safety. Defendant further admits that City personnel informed Plaintiff of these violations and the demand to gather personal property and vacate the location, and that Plaintiff did collect personal property, including his tent and other essential property, that City personnel conducted a health and safety screening to remove public health and safety hazards from the public right-of-way, including hazardous waste, and that any remaining personal property not deemed a public health and safety hazard was returned to Plaintiff immediately following the screening, including a cellphone, notebook, medicine, and backpack. Except as expressly admitted herein, Defendant denies each and every remaining allegation.

29.  In response to paragraph 29, Defendant admits that on July 10, 2018, at or

around 1:30 p.m., City personnel responded to a public health and safety hazard near Victory Boulevard and Platt Avenue, that said response involved an encampment attached to the entryway of "posted" property under California Penal Code § 554, that the encampment created immediate public health and safety hazard by blocking ingress and egress, obstructing the public right-of-way, including accessible sidewalks under the ADA, and other various health hazards, such as the presence of feces, urine, rate feces, roaches, flammable items, and other hazardous items injurious to public health and safety. Defendant further admits that City personnel informed Plaintiff of these violations and the demand to gather personal property and vacate the location, and that Plaintiff did collect personal property, including his tent and other essential property, that City personnel conducted a health and safety screening to remove public health and safety hazards from the public right-of-way, including hazardous waste, and that any remaining personal property not deemed a public health and safety hazard was returned to Plaintiff immediately following the screening, including a cellphone, notebook, medicine, and backpack. Except as expressly admitted herein, Defendant denies each and every remaining allegation.

30. In response to paragraph 30, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

31. In response to paragraph 31, Defendant admits that on September 6, 2018, City personnel conducted a noticed cleanup in the area of Topanga Canyon Boulevard and Burbank Boulevard to abate public health and safety hazards existing in the vicinity of the cleanup area. Defendant further admits that on September 4, 2018, the City posted advance notice of the cleanup more than 24 hours before the time for the commencement of the scheduled cleanup on September 6, 2018, and that Plaintiff maintained an encampment in the noticed cleanup area after the commencement of the cleanup that day. Except as expressly admitted herein, Defendants denies each and every remaining allegation.

1    32.    In response to paragraph 32, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

33.    In response to paragraph 33, Defendant admits that on September 6, 2018, City personnel conducted a noticed cleanup in the area of Topanga Canyon Boulevard and Burbank Boulevard to abate public health and safety hazards existing in the vicinity of the cleanup area.  Defendant further admits that on September 4, 2018, the City posted advance notice of the cleanup more than 24 hours before the time for the commencement of the scheduled cleanup on September 6, 2018, and that Plaintiff maintained an encampment in the noticed cleanup area after the commencement of the cleanup that day. Defendant further admits that even after the City's cleanup commenced, the City provided Plaintiff additional time to collect his personal property and remove said personal property from the cleanup area, that Plaintiff did collect and retain his personal property, including essential property, that City personnel then conducted an inspection for public health and safety hazards existing at the site and that feces, urine, aerosols, batteries, or other hazardous or infectious waste was disposed, and that any remaining personal property not constituting a public health and safety hazard was returned to Plaintiff at the site immediately following the noticed cleanup on September 6, 2018.

34.    In response to paragraph 34, Defendant denies each and every allegation contained therein.

35.    In response to paragraph 35, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff "uses a portion of his disability income to pay for a personal storage unit but cannot find a safe place to sleep that is near this storage unit" and that Plaintiff" must keep some personal property with him to avoid multiple trips to his storage unit that is miles away from the nearest sidewalk he can sleep on" and, on that basis, denies these allegations.  Defendant denies each and every remaining allegation contained therein.

## MONELL ALLEGATIONS

36. In response to paragraph 36, Defendant denies each and every allegation contained therein.

37. In response to paragraph 37, Defendant denies each and every allegation contained therein.

## EXHAUSTION OF ADMINISTATIVE REMEDIES

38. In response to paragraph 38, Defendant admits that on January 11, 2018, Plaintiff filed a government claim for damages with the City for the incident alleged to have occurred on July 17, 2017 at or around Balboa Boulevard and Nordhoff Street, identified by the City as Government Claim No. C18-03025. Defendant further admits that on March 5, 2018, the City denied this government claim, that Plaintiff filed this action on or around September 3, 2018, and that the City has no record or available information reflecting any incident involving Plaintiff occurring on or around July 14, 2017 at or around the vicinity of Balboa Boulevard and Nordhoff Street. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained therein.

39. In response to paragraph 39, Defendant admits that on or around November 7, 2018, Plaintiff filed a government claim for damages with the City for incidents that Plaintiff alleged occurred on July 10, 2018 near the intersection of Platt and Victory, on September 6, 2018 near the intersection of Topanga Canyon Boulevard and Burbank Boulevard, and on September 19, 2018 and October 23, 2018 near Ventura Boulevard and Don Pio Drive, and identified by the City as Government Claim No. C19-02488. Defendant further admits that this government claim has been denied. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained therein.

## FIRST CAUSE OF ACTION

### Right to Be Secure From Unreasonable Seizures - Fourth and Fourteenth Amendments (42 U.S.C. §1983) California Constitution, Art. 1, §13

40. In response to paragraph 40, Defendant incorporates by this reference, as though fully set forth at length herein, its answers to the FAC set forth in paragraphs 1 through 39, inclusive.

41. In response to paragraph 41, Defendant denies each and every allegation contained therein.

42. In response to paragraph 42, Defendant denies each and every allegation contained therein.

43. In response to paragraph 43, Defendant denies each and every allegation contained therein.

44. In response to paragraph 44, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### Violation of the Takings Clause - Fifth and Fourteenth Amendments (42 U.S.C. §1983) California Constitution, Art. 1, §19

45. In response to paragraph 45, Defendant incorporates by this reference, as though fully set forth at length herein, its answers to the FAC set forth in paragraphs 1 through 44, inclusive.

46. In response to paragraph 46, Defendant denies each and every allegation contained therein.

47. In response to paragraph 47, Defendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### Right to Due Process of Law - Fourteenth Amendment (42 U.S.C. §1983) California Constitution, Art. 1, §7

48. In response to paragraph 48, Defendant incorporates by this reference, as

though fully set forth at length herein, its answers to the FAC set forth in paragraphs 1 through 47, inclusive.

49. In response to paragraph 49, Defendant denies each and every allegation contained therein.

50. In response to paragraph 50, Defendant denies each and every allegation contained therein.

51. In response to paragraph 51, Defendant denies each and every allegation contained therein.

52. In response to paragraph 52, Defendant denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**Violation of 42 U.S.C. §12101 et seq. Title II- Americans with Disabilities Act**

53. In response to paragraph 53, Defendant incorporates by this reference, as though fully set forth at length herein, its answers to the FAC set forth in paragraphs 1 through 52, inclusive.

54. In response to paragraph 54, Defendant admits the allegations contained therein.

55. In response to paragraph 55, Defendant admits that it is a public entity under Title II of the ADA. Defendant denies each and every remaining allegation contained therein.

56. In response to paragraph 56, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

57. In response to paragraph 57, Defendant denies each and every allegation contained therein.

58. In response to paragraph 58, Defendant denies each and every allegation contained therein.

59. In response to paragraph 59, Defendant denies each and every allegation

contained therein.

60. In response to paragraph 60, Defendant denies each and every allegation contained therein.

61. In response to paragraph 61, Defendant denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

### Violation of Unruh Civil Rights Act - Cal. Civ. Code §51

62. In response to paragraph 62, Defendant incorporates by this reference, as though fully set forth at length herein, its answers to the FAC set forth in paragraphs 1 through 61, inclusive.

63. In response to paragraph 63, Defendant admits the allegations contained therein.

64. In response to paragraph 64, Defendant denies each and every allegation contained therein.

65. In response to paragraph 65, Defendant denies each and every allegation contained therein.

66. In response to paragraph 66, Defendant denies each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

### Violation of Bane Civil Rights Act - Cal. Civ. Code §52.1

67. In response to paragraph 67, Defendant incorporates by this reference, as though fully set forth at length herein, its answers to the FAC set forth in paragraphs 1 through 66, inclusive.

68. In response to paragraph 68, Defendant denies each and every allegation contained therein.

69. In response to paragraph 69, Defendant denies each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

### Violation of Cal. Civ. Code §2080 *et seq.*

70. In response to paragraph 70, Defendant incorporates by this reference, as though fully set forth at length herein, its answers to the FAC set forth in paragraphs 1 through 69, inclusive.

71. In response to paragraph 71, Defendant denies each and every allegation contained therein.

72. In response to paragraph 72, Defendant denies each and every allegation contained therein.

## INJUNCTIVE RELIEF

73. In response to paragraph 73, Defendant incorporates by this reference, as though fully set forth at length herein, its answers to the FAC set forth in paragraphs 1 through 72, inclusive.

74. In response to paragraph 74, Defendant denies each and every allegation contained therein.

75. In response to paragraph 75, Defendant denies each and every allegation contained therein.

76. In response to paragraph 76, Defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

77. In response to paragraph 77, Defendant incorporates by this reference, as though fully set forth at length herein, its answers to the FAC set forth in paragraphs 1 through 76, inclusive.

78. In response to subparagraphs 77-1 to 77-5, Defendant denies each and every allegation contained therein.

///

///

## DEFENDANT'S AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendant alleges each of the following:

### First Affirmative Defense

The FAC fails to state any claims for which relief can be granted against Defendant.

### Second Affirmative Defense

Plaintiff's state-law claims are barred by the failure to precede the action with a claim complying with the Government Claims Act, including without limitation Government Code Sections 910, 911.2, 945.4, 945.6, and 950.2, and any other applicable procedures relating to the filing of their government claim.

### Third Affirmative Defense

Defendant is immune from any liability for any injury or damages to Plaintiff, if any, resulting from acts done in good faith and without malice under the apparent authority of any enactment, even though said enactment be unconstitutional, invalid, or inapplicable. (Gov. Code §§ 815.2, 820.4, 820.6.).

### Fourth Affirmative Defense

Defendant is immune from any liability for any injury or damages to Plaintiff, if any, resulting from failure to discharge any mandatory duties as reasonable diligence was exercised to discharge any duties there may have been. (Gov. Code § 815.6.).

### Fifth Affirmative Defense

Defendant is immune from any liability for any injury or damages to Plaintiff, if any, resulting from an exercise of discretion vested in a public employee, whether or not such discretion was abused. (Gov. Code §§ 815.2, 820.2.).

### Sixth Affirmative Defense

Defendant is immune from any liability for any injury or damages to Plaintiff, if any, resulting from the execution or enforcement of any law while exercising due care. (Gov. Code §§ 815.2, 821.6.).

### Seventh Affirmative Defense

Defendant is immune from any liability for any injury or damages to Plaintiff, if any, resulting from a decision whether or not to conduct an investigation or proceeding or for acts or omissions in the conduct of any such investigation or proceeding. (Gov. Code §§ 815.2, 821.6.).

### Eighth Affirmative Defense

Defendant is immune from any liability for any injury or damages to Plaintiff, if any, resulting from the execution or enforcement of any law while exercising due care. (Gov. Code §§ 815.2, 821.6.).

### Ninth Affirmative Defense

Defendant is immune from any liability for any injury or damages to Plaintiff, if any, resulting from acts done in good faith and without malice under the apparent authority of any enactment, even though said enactment be unconstitutional, invalid, or inapplicable. (Gov. Code §§ 815.2, 820.4, 820.6.).

### Tenth Affirmative Defense

Defendant is immune from any liability for any injury or damages to Plaintiff, if any, by way of vicarious liability, respondeat superior, or otherwise, where the public employee whose conduct allegedly caused the injury or damage is not liable or is immune from liability. (Gov. Code § 815.2.).

### Eleventh Affirmative Defense

Defendant is immune from any liability for any injury or damages to Plaintiff, if any, resulting from the execution or enforcement of any law while exercising due care. (Gov. Code §§ 815.2, 821.6.).

### Twelfth Affirmative Defense

Defendant alleges that all actions by the City or its employees or agents were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

### Thirteenth Affirmative Defense

Plaintiff's allegations do not rise to the level of a constitutional violation.

### Fourteenth Affirmative Defense

The FAC fails to state a claim against Defendant because Plaintiff pleads events involving official policies of the City that are appropriate and non-violative of federal civil rights.

### Fifteenth Affirmative Defense

The FAC fails to state a claim against Defendant for violation of federal due process because state law provides a remedy for the destruction of personal property by a government employee. *Hudson v. Palmer*, 468 U.S. 517 (1984).

### Sixteenth Affirmative Defense

The FAC fails to state a claim against Defendant for violation of federal takings clause because Defendant's action taken to abate a public nuisance resulting in seizure or destruction of property constituting health and safety hazards or threats injurious to the public cannot be deemed a taking under the Fifth or Fourteenth Amendments. *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470 (1987).

### Seventeenth Affirmative Defense

Plaintiff has failed to state a claim against Defendant for violation of Fourth or Fourteenth Amendment because Defendant's actions taken to abate a public nuisance resulted in only seizure and/or destruction of property constituting health and safety hazards or threats injurious to the public.

### Eighteenth Affirmative Defense

Defendant is informed and believes and thereon alleges that defendants named in the FAC as DOES 1 through 10 are immune from this action, and any liability thereunder, on the basis of qualified immunity because the actions of the individual DOE defendants did not violate clearly established constitutional or statutory right of which a reasonable person would have known.

### Nineteenth Affirmative Defense

Defendant is informed and believes and thereon alleges, in the alternative, that Defendant is not legally responsible for the acts and/or omissions of those defendants named in the FAC as DOES 1 through 10, inclusive.

### Twentieth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of consent.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Twenty-Sixth Affirmative Defense

The relief sought in the FAC would constitute an unjust enrichment of Plaintiff to the detriment of the Defendant.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims are barred by his failure to exhaust administrative remedies before filing a federal action.

### Twenty-Eighth Affirmative Defense

The FAC is barred in part because Plaintiff's requested access requirements or modifications of policies, practices or procedures are unreasonable and/or unnecessary to avoid discrimination on the basis of disability.

### Twenty-Ninth Affirmative Defense

The FAC is barred in part because Defendant provided reasonable access to its

services, programs and activities.

### Thirtieth Affirmative Defense

The FAC is barred in part on the ground that the relief sought by Plaintiff would result in an undue financial or administrative burden.

### Thirty-First Affirmative Defense

Plaintiff is not entitled to recover the damages sought in the FAC because Plaintiff's use and enjoyment of the City's facilities and services, programs and activities was not denied or interfered with by Defendant.

### Thirty-Second Affirmative Defense

Defendant alleges that Defendant's acts were privileged under applicable statutes and case law.

### Thirty-Third Affirmative Defense

No acts or omissions by Defendant were the proximate or legal cause of any loss, injury, or damage to Plaintiff.

### Thirty-Fourth Affirmative Defense

Plaintiff is barred from seeking equitable relief because Plaintiff has an adequate legal remedies for any alleged injuries.

### Thirty-Fifth Affirmative Defense

The FAC is barred in whole or in part to the extent that Plaintiff seeks damages that would constitute a gift of public funds for a private purpose in violation of the California Constitution.

### Thirty-Sixth Affirmative Defense

Defendant has insufficient knowledge and information at present on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available to it. Defendant expressly reserves herein the right to assert additional affirmative defenses in the future following discovery of information if and to the extent that such defenses are applicable in this action.

## DEMAND FOR JURY TRIAL

Defendant hereby demands and requests a trial by jury in this matter.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. The First Amended Complaint be dismissed with prejudice;
2. Plaintiff takes nothing by this action;
3. Defendant be awarded its costs of suit; and
4. Defendant be awarded other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. § 1988.

DATED: April 8, 2019

MICHAEL N. FEUER, CITY ATTORNEY
JAMES P. CLARK, Chief Deputy City Attorney
GABRIEL S. DERMER, ASSISTANT CITY ATTORNEY
**FELIX LEBRON, DEPUTY CITY ATTORNEY**

By:   */s/ Felix Lebron*
FELIX LEBRON
Deputy City Attorney
Attorney for Defendant
**CITY OF LOS ANGELES**

17

ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL